COPE, J.
(specially concurring in denial of rehearing en banc).
Because a substantial question is presented, compare, e.g., People v. Bryant, 483 Mich. 132, 768 N.W.2d 65 (2009), cert. granted,-U.S.-, 130 S.Ct. 1685, 176 L.Ed.2d 179 (2010), with People v. Casique, 2009 WL 1508463 (Cal.Ct.App.2009), and Collins v. State, 873 N.E.2d 149 (Ind.Ct.App.2007), I favored consideration en banc, but that motion was unsuccessful.
On the merits, I believe the panel majority reached the correct result. The issue is whether the questions asked by the 911 operator called for answers which were testimonial in nature. Under the circumstances of this case, the answer is no.
The United States Supreme Court in Davis v. Washington, 547 U.S. 813, 126 *476 S.Ct. 2266, 165 L.Ed.2d 224 (2006), determined that where the 911 operator asked questions whose primary purpose was to enable police assistance to meet an ongoing emergency, the responses were not testimonial in nature. Id. at 828, 126 S.Ct. 2266.
In this case the facts are accurately stated in the dissenting opinion. The perpetrators took the victim’s wallet, which had his address, and his house and car keys. As stated in the 911 call, there was an ongoing risk that the perpetrators would go to the victim’s house and use the keys to gain entry, or return to hijack the car. Under the facts of the case, the emergency was ongoing. While there are factual dissimilarities, the decision in U.S. v. Proctor, 505 F.3d 366 (5th Cir.2007), is useful by analogy.